UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALLSTATE INSURANCE COMPANY;
ALLSTATE INDEMNITY COMPANY;
ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY; ALLSTATE
PROPERTY AND CASUALTY
INSURANCE COMPANY; and
ALLSTATE NORTH AMERICAN
INSURANCE COMPANY,

    Plaintiffs

v.                    CASE NO.: 8:26-CV-01463CEH-SPF

FLORIDA ORTHOPEDICS AND
NEUROSURGERY, LLC;
BRADFORD ESTRA; and ANGEL
RIGUERAS, M.D.,

    Defendants.

_____/

## **ORDER**

This matter comes before the Court upon the parties' Joint Motion for Entry of Confidentiality, Protective, and Clawback Order (Doc. 16). The Motion sets forth the process by which the parties agree to handle the production and disclosure of confidential information throughout this litigation. For the purposes of discovery and preventing the parties from litigating the issue of confidentiality as to each document, the parties' Motion serves a useful purpose. As such, the Court finds good cause to issue the protective order. *See* Fed R. Civ. P. 26(c). Accordingly, upon due consideration, it is hereby

ORDERED:

1. The parties' Joint Motion for Entry of Confidentiality, Protective, and Clawback Order (Doc. 16) is **GRANTED**.

2. The parties' Stipulated Confidentiality, Protective, and FRE 502 Clawback Order

(Doc. 16-1) is **APPROVED** and incorporated herein.  The terms of the Stipulated Confidentiality, Protective, and FRE 502 Clawback Order shall not be construed as the Court's authorization to file documents under seal without further order.[1]

3.  This Court's jurisdiction to enforce the terms of the agreement shall terminate upon a final determination of this action.

**ORDERED** in Tampa, Florida, on July 6, 2026.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

---

[1] A party designating a document, discovery, testimony, or other information as "CONFIDENTIAL" does not satisfy that party's obligation to prove to the court that there is good cause for sealing those same documents if they are submitted later with pretrial motions that require judicial resolution of the merits or at trial.  *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001) (stating "material filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right."). Therefore, when a party seeks to file a document under seal, the Court must necessarily determine the matter upon motion by the party in conformance with Local Rule 1.11(c), M.D. Fla.